Mr. George Harris, Executive Director Arkansas Workers' Compensation Commission 625 Marshall Little Rock, AR 72201-1073
Dear Mr. Harris:
This is in response to your request for an opinion concerning Section 29 of Act 860 of 1993 (Senate Bill 262). The original bill was an appropriation bill for the payment of approved claims by the Arkansas State Claims Commission. Section 29 of the act contains a provision which states in part that "[n]o state employee shall serve both in a full-time quasi judicial position, or in a full-time position which provides legal assistance to a quasi judicial position, in the . . . Workers' Compensation Commission, . . . and also serve as an elected judge." You have indicated that Mr. David Pake in currently employed full-time as an Attorney Specialist in the Workers' Compensation Commission. Mr. Pake also serves as the elected Maumelle Municipal Judge. Your question is as follows:
 Whether Act 860 of 1993 prohibits Mr. Pake from holding the Attorney Specialist position with the Arkansas Workers' Compensation Commission concurrent with serving as the elected Maumelle Municipal Judge.
For the following reasons, it is my opinion that it is probable that the answer to this question is "no."
This office has recently issued Op. Att'y Gen. 93-127, a copy of which is enclosed, wherein it was concluded that Section 29 of Act 860 of 1993 may be constitutionally suspect as an impermissible expansion of the subject of the appropriation bill in violation of Arkansas Constitution, Art. 5, § 30.
As noted above, the original bill (Senate Bill 262) contained appropriations for the payment of approved claims by the Arkansas State Claims Commission. Section 29 of the act provides that no state employee will serve both in a full-time quasi judicial or legal assistant position in certain specified state agencies "or any other quasi judicial agency, department or commission" of the state, and also serve as an elected judge. As noted in Op. Att'y Gen. 93-127, the only connection between the two provisions is remote at best: the appropriations allowed are for the payment of claims against the state, and the prohibition against the dual employment is directed to employees of, among others, the State Claims Commission. It may well be said, in my opinion, that the two subject do not accomplish a purpose of one design, which is required by section 30 of article 5. Section 29 of the act may, accordingly, be constitutionally suspect.
As noted in Opinion 93-127, however, this conclusion must not be construed to address the issue of whether Mr. Pake's dual service as an elected judge and a full-time attorney for a state agency is prohibited by any other law. You have not asked this question and neither was it asked in Opinion 93-127. Accordingly, I have expressed no opinion on this issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLD/cyh
Enclosure